UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINT MICHEL LIVERMORE, | 1: 06 CV 01447 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 10] |
| L. WATSON, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On September 18, 2002, Petitioner was convicted of second degree murder and gross vehicular manslaughter.    The trial court sentenced Petitioner to serve an indeterminate prison

1

sentence of 15 years to life with the possibility of parole in state prison.

Petitioner filed a direct appeal and on February 24, 2004, the California Court of Appeal for the Fifth Appellate District affirmed the judgment. Petitioner filed a petition for review with the California Supreme Court, which denied the petition on April 28, 2004.

Petitioner filed the following three pro se state post-conviction collateral challenges:

<u>First Petition</u>

June 27, 2005: Petition for writ of habeas corpus filed in Tulare County Superior Court

June 29, 2005: Petition denied

<u>Second Petition</u>

September 14, 2005: Petition for writ of habeas corpus filed in Court of Appeal

November 22, 2005: Petition denied

<u>Third Petition</u>

January 27, 2006: Petition for writ of habeas corpus filed in California Supreme Court

October 11, 2006: Petition denied

Petitioner filed the present petition on October 17, 2006.

## LEGAL STANDARD

<u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of Tulare County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

2

586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual

3

determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is untimely and barred by the statute of limitations. Petitioner opposes the motion.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the California Supreme Court denied review on April 28, 2004. The state appeal process became "final" within the meaning of Section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on July 27, 2004. Supreme Court Rule 13, Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The one-year statute of limitations began running the

4

following day - - July 28, 2004. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(citing Fed.R.Civ.P. 6(a)). Thus, absent tolling, the last day to file a federal petition was July 27, 2005.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005.

In Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002), the Court determined that under California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140. Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts. The Supreme Court examined this principle in light of California's unique original writ system where the timeliness of a petition is determined according to a "reasonableness" standard. Carey v. Saffold, 122 S.Ct. at 2139. Thus, the California Supreme Court's denial of the petition "on the merits and for lack of diligence" cannot, by itself, indicate that a petition is timely under California's

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

5

reasonableness standard. Id. at 2141 (explaining that there are a variety of reasons why the California Supreme Court may have included the words "on the merits," and therefore those words cannot by themselves indicate that the petition was timely). The Court further explained that had the California Supreme Court "clearly ruled that Saffold's 4 ½ – month delay was 'unreasonable,' that would be the end of the matter" and the petition would not be pending for purposes of tolling. Id. at 2141. In other words, where a California prisoner delayed "unreasonably" in seeking further review of his petition, he is not entitled to tolling under § 2244(d)(2). Saffold was remanded back to the Ninth Circuit to determine whether Saffold's 4 ½ month delay between state habeas petitions was unreasonable and therefore, insufficient for statutory tolling. Id. Thus, Carey v. Saffold added an additional level of analysis in determining whether a state collateral review petition is "pending" for purposes of statutory tolling. While the intervals between state collateral proceedings are generally entitled to tolling, a California prisoner, such as Petitioner, may not be entitled to such tolling if an "unreasonable" delay existed between the filings of such proceedings.

In the present case, the parties agree that 335 days of the statute of limitations period expired before Petitioner filed his first state petition on June 27, 2005. Respondent concedes that Petitioner is entitled to tolling during the period from June 27, 2005, through June 29, 2005, while the first petition was pending in state court.

Respondent contends, however, that Petitioner is not entitled to statutory tolling for the time period between the denial of his first petition and the filing of his second petition on September 14, 2005. Respondent argues that absent justification, the seventy-eight day delay between the denial of the first petition and the filing of the second petition is unreasonable and, under Carey v. Saffold, Petitioner is not entitled to statutory tolling. Respondent relies in part on Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 854 (2006), in which the Court found that after the California Court of Appeal had denied habeas relief, there was an unjustifiable delay of at least six months before Chavis filed a habeas corpus petition in the California Supreme Court. In reaching this conclusion, the Court stated that, "Six months is far longer than the 'short period[s] of time' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. *Carey v. Saffold*, *supra*, at 219." Chavis, 126

S.Ct. at 854. See Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006)(holding that delays of eighteen, fifteen and ten months were unreasonable); Culver v. Director of Corrections, 450 F.Supp. 1135, 1140-41 (C.D. Cal. 2006)(determining that delays of 97 and 71 days were unreasonable). Respondent thus argues that the statute of limitations ran during the time between the denial of the first petition and the filing of the second petition, i.e., on July 29, 2005. He claims that because Petitioner did not file his petition for writ of habeas corpus in this court until October 17, 2006, it is untimely and barred by the statute of limitations.

In response, Petitioner contends first that at the time his first state petition for writ of habeas corpus was denied in June 2005, "the applicable law provided that a petition filed in the California Supreme Court within 4 ½ months of a previous denial in the Court of Appeal was timely under AEDPA, and would be granted tolling for the gap between filings," citing Saffold v. Carey, 312 F.3d 1031, 1035 (9th Cir. 2002.

As Respondent argues, this court must apply the law existing at the time of its decision. See Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97 (1993)("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule."). Thus, the United States Supreme Court's decision in Chavis and its construction of 28 U.S.C. § 2254(d)(2) controls this court's analysis of this case.

Other states, as the Supreme Court has repeatedly pointed out, allow for "30 to 45 days," Saffold, 536 U.S. at 219; "a few days," Chavis, 126 S.Ct. at 849; "30 or 60 days," id; or "30 to 60 days," id. at 854, to seek further review in an appellate court after denial of collateral relief in a trial court.[2] The court finds that all indications are that this is the time period the Court believes "fall[s] within the scope of the federal statutory word 'pending' as interpreted in Saffold." Chavis, 126 S.Ct.

---

[2] The court takes judicial notice of the numerous unpublished cases listed in footnote six of Respondent's reply in which numerous district courts have, following Chavis, expressly found that the Court established a benchmark of thirty to sixty days as a reasonable time for pursuing state habeas claims in a higher court in California.

7

at 854.

Further, the court agrees with Respondent that Petitioner has misinterpreted the holding in at Saffold v. Carey, 312 F.3d at 1035. There, the Ninth Circuit considered the denial of a petition by the California Supreme Court for "lack of diligence." The Ninth Circuit found that "lack of diligence" referred to the 5 year delay in initiating the state post-conviction process, not to a four and one-half month delay between state collateral actions. The Ninth Circuit, finding that there was no state court decision regarding the four and one-half month delay, did not consider the issue of whether the delay was unreasonable under California law. Rather, it simply presumed that the California Supreme Court petition was timely because it was not expressly denied as untimely. Thus, contrary to Petitioner's claim, in Saffold the court did not decide that a four and one-half month delay was reasonable under California law.

Second, Petitioner argues that a standard of "not substantially longer" than sixty days exists for reasonableness, based on the following language from Chavis:

> In *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the law of other States, i.e., that California's "reasonable time" standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules. [Citation.].

Chavis, 546 U.S. at 199-200. Petitioner argues that the interval of seventy-eight days preceding his filing in state appellate court was not "substantially longer" than sixty days.

In the passage relied upon by Petitioner, the Court was clarifying its holding in Saffold and cautioning the district courts that the tolling provision could not be applied in a way that would defeat the uniform application of the statute. Thus, the Court referred to the '"short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal" and (2) California's rule providing ten days to seek review of most Court of Appeal decisions in the California Supreme Court. Chavis, 546 U.S. at 201.

Third, in arguing that the seventy-six day delay in this case was unreasonable, Respondent relies on Culver v. Dir. of Corrections, 450 F.Supp.2d 1135, 1140-41 (C.D.Cal. 2006), in which the district court found that intervals of seventy-one and ninety-seven days were "clearly longer"than the

8

1  typical appeal period of thirty to sixty days and "far longer" than the 10-day period California gives
2  the losing party to file a notice of appeal in the California Supreme Court. This appears to be the one
3  published district court decision finding an interval of less than 102 days unreasonable. Petitioner
4  criticizes <u>Culver</u> for a lack of reasoning, and for the court's use of California's time limit for filing a
5  notice of appeal in cases other than state habeas corpus case.  This court finds, however, that the
6  district court in <u>Culver</u> can hardly be criticized for employing the same analysis used by the Supreme
7  Court in <u>Chavis</u>.

8       Fourth, Petitioner discusses the presumption employed by the California Supreme Court
9  under which a person facing a death sentence is afforded a period of 180 days from the final due date
10 for filing the appellant's reply brief in the direct appeal in which a petition for writ of habeas corpus
11 will be presumed timely.  In his concurrence in <u>Chavis</u>, Justice Stevens suggested that the Court
12 should adopt this presumption for deciding whether California petitions were timely filed in
13 appellate court. <u>Chavis</u>, 126 S.Ct. At 858-59 (Stevens, J., concurring in the judgment).  The Court
14 rejected this possibility, because,"[s]ix months is far longer than the 'short period[s] of time,' 30 to
15 60 days, that most States provide for filing an appeal to the state supreme court. <u>Id</u>. at 854.

16      Fifth, Petitioner contends that circumstances in the record show that his petition for writ of
17 habeas corpus filed in the California Court of Appeal was actually denied on the merits.  Therefore,
18 reasons Petitioner, the petition was not untimely.  The Supreme Court expressly rejected this
19 argument in <u>Saffold</u>, 536 U.S. at 225 - 26.

20      Sixth, Petitioner contends that his delay was not unreasonable because he offered the state
21 court an explanation for his delay.  He points out that he advised the Court of Appeal that "[h]abeas
22 investigation is ongoing at this time."

23      Under California law, a habeas "claim or subclaim that is substantially delayed will
24 nevertheless be considered on the merits if the petitioner can demonstrate 'good cause' for the
25 delay." <u>In re Robbins</u>, 18 Cal.4th 770, 805 (1998)(citing <u>Clark</u>, 5 Cal. 4th at 783).

26    Good cause for substantial delay may be established if, for example, the petitioner can
        demonstrate that because he or she was conducting an ongoing investigation into at least one
27    potentially meritorious claim, the petitioner delayed presentation of one or more other known

28                                    9

claims in order to avoid piecemeal presentation of claims.

It is not enough for a petitioner to make a conclusory statement that he is pursuing an ongoing investigation. The petitioner must affirmatively "demonstrate []that there was good reason to believe that further investigation would lead to facts supportive of a clearly meritorious claim." Clark, 5 Cal.4th at 781 n. 17.  He must demonstrate that he was diligent in investigating the facts supporting his claim. Robbins, 18 Cal.4th at 808.  Specifically, he must show that information was not known to him, nor reasonably should have been known to him, at any earlier time. Id. at 780.  Clearly, Petitioner's bare assertion that "[h]abeas investigation is ongoing at this time" was insufficient to establish good cause for the delay.  Further, as Respondent argues, the support statements offered to show that Petitioner was conducting ongoing investigation were apparently obtained before the superior court's denial.  Thus, the subsequent delay cannot be explained by an investigation leading to the statements.

Seventh, Petitioner argues that if tolling is available for sixty days after denial of habeas relief while a prisoner prepares to file a habeas petition in a higher state court, he is entitled to statutory tolling for sixty days even though he did not file within that period.  He further draws on California statutes governing service by mail to argue that additional days in the seventy-six day interval should not be counted against him.   The court rejects this argument on its face. "[O]nly a timely appeal tolls AEDPA's 1-year limitation period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court." Chavis, 126 S.Ct. 852.

After considering all of the parties' arguments, the court concludes that Petitioner is not entitled to statutory tolling for the time period between the denial of his state habeas corpus petition by the Superior Court and the filing of his petition with the Court of Appeal.

Finally, in his supplemental opposition filed with permission of the court, Petitioner contends that he is entitled to equitable tolling.   The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118

S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

In this case, Petitioner claims that he is entitled to equitable tolling because the 78 day gap between the Superior Court's denial and the filing in the Court of Appeal resulted from counsel's reasonable reliance on the then-existing law in the Ninth Circuit. Petitioner relies on Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008). In Harris, a Washington state prisoner filed three personal restraint petitions in Washington state courts. Harris, 515 F.3d at 1053. The Washington Supreme court dismissed the second and third petitions as untimely. At that time, the Ninth Circuit held that a petition for state postconviction relief that was dismissed by the state court as untimely was nevertheless "properly filed" within the meaning of the tolling provisions of the AEDPA limitation period found in 28 U.S.C. § 2244(d)(2). Dictado v. Ducharme, 244 F.3d 724, 728 (9th Cir. 2001). Therefore, Harris could have assumed that his untimely state petitions had tolled the limitations period while pending in state court.

Shortly before Harris filed his petition for writ of habeas corpus in federal court, the United States Supreme Court decided Pace v. DiGuglielmo, 544 U.S. 408 (2005). In Pace, the Court held that a state's "time limits, no matter their form, are 'filing' conditions." Pace, 544 U.S. at 417. Therefore if a state court rejected an application for collateral relief as untimely, "'that [is] the end of the matter.'" Id. at 414, quoting Saffold, 536 U.S. at 226. The state application or petition is not properly filed and has no tolling effect. Pace, 544 U.S. at 417. This ruling, which overruled Dictado, meant that Harris was not entitled to statutory tolling for any of the time after his first state personal restraint petition was denied, as his second and third state petitions were rejected as

11

untimely.

The Ninth Circuit held that Harris was entitled to equitable tolling, ruling as follows:

> The critical fact here is that Harris relied in good faith on then-binding circuit precedent in making his tactical decision to delay filing a federal habeas petition. Harris' failure to file a timely petition is not the result of oversight, miscalculation or negligence on his part, all of which would preclude the application of equitable tolling. See Lawrence, 127 S.Ct. at 1085. Harris was undoubtedly aware of when AEDPA's statute of limitations would expire under our rule in Dictado. Harris presumably chose his tactical strategy precisely because he believed that, under Dictado, he could pursue relief in state courts without jeopardizing his ability to file a federal habeas petition.
>
> Harris' circumstances justify equitable tolling under both our circuit's standard and the Pace standard. Harris diligently pursued his rights. He filed successive petitions for state post-conviction relief while ensuring that enough time would *1056 remain to file a federal habeas petition under the then-existing Dictado rule. The Supreme Court's overruling of the Dictado rule made it impossible for Harris to file a timely petition. Harris' petition became time-barred the moment that Pace was decided. Finally, Harris had no control over the operative fact that caused his petition to become untimely-the Supreme Court's decision in Pace. These are precisely the circumstances in which equitable principles justify tolling of the statute of limitations.

Harris, 515 F.3d at 1055-56.

Petitioner points out that the United States Supreme Court's decision in Chavez regarding the term "pending" in the AEDPA tolling provision, was decided after he had completed state court habeas review. He contends that, as Harris did, he relied on circuit precedent when he filed his state habeas petition in the Court of Appeal on September 14, 2005, seventy-eight days after the superior court denied his petition. Petitioner claims that prior to Chavis, Saffold held that a four and one-half month delay between the denial of habeas relief by one court and the filing in a higher court was not an unreasonable delay and that statutory tolling was available for the interval.

As discussed above, the court rejects Petitioner's interpretation of the holding in Saffold. Further, the court finds Harris distinguishable. In Harris, equitable tolling was warranted because the petitioner acted on good-faith reliance on existing circuit precedent in making a tactical decision to delay filing his federal habeas corpus. Here, the issue is Petitioner's delay in filing his state petition. As Respondent argues, Saffold had application to Petitioner's case only after the Court of Appeal denied his petition with no timeliness finding. Then, Petitioner could have thought that under Saffold, he would receive statutory tolling for the period of seventy-eight days that had already

12

elapsed. However, Petitioner could not have relied on <u>Saffold</u> in making decisions during that seventy-eight day period, because he could not know then that the Court of Appeal would not expressly deny his petition as untimely.

After considering all of the parties' arguments, the court finds that Petitioner has not carried his burden of demonstrating that he is entitled to equitable tolling in this case. The court must conclude, therefore, that this petition for writ of habeas corpus is untimely and is barred by the statute of limitations.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is GRANTED;

2) A certificate of appealability is DENIED;

3) This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

4) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.IT

13

IS SO ORDERED.

        Dated:   March 25, 2008        /s/ William M. Wunderlich
                                                          UNITED STATES MAGISTRATE JUDGE